UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON SNYDER,

                                      Plaintiff,                  9:25-CV-1784
                                                          (MAD/DJS)
     v.

COUNTY OF ULSTER and STATE OF NEW YORK,

                                        Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

AARON SNYDER
Plaintiff, pro se
4519
Ulster County Jail
380 Boulevard
Kingston, NY 12401

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

### I.      INTRODUCTION

Pro se plaintiff Aaron Snyder ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").  The complaint asserted claims related to plaintiff's confinement at Ulster County Jail ("Ulster C.J.").  *See generally* Compl.

By Decision and Order filed on March 2, 2026 (the "March 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 9.  On the basis of that

review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

On March 18, 2026, plaintiff filed an amended complaint.  Dkt. No. 11 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the March 2026 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 9 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following new defendants:  Ulster County Sheriff's Office, Ulster County Superintendent, and John/Jane Doe Corrections Officers 1-5.[1]  *See generally* Am. Compl.  The complaint also includes claims against previously named defendant, Ulster County.  *See id*.  The amended complaint does not include any claims against the State of New York, a defendant previously named in the original complaint.[2]  *See id.*

Plaintiff "sincerely holds religious beliefs that require him to be baptized.  Am. Compl. at 3.  Plaintiff made a formal request to be baptized in accordance with his religious faith.  *Id*.  Defendants denied plaintiff's request and no "less restrictive alternative" was offered or considered.  *Id.*  The denial was based upon Ulster County's established policy of failing to

---

[1]  The Clerk of the Court is directed to amend the Docket Report to include these defendants.

[2]  The Clerk of the Court is directed to amend the Docket Report to terminate this defendant.

provide adequate religious accommodations to detainees and a lack of a policy regarding baptism.  *Id.*  at 1, 4.

Construing the amended complaint liberally[3], plaintiff alleges First Amendment free exercise claims and claims pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 *et seq*. ("RLUIPA").  *See generally* Am. Compl.  Plaintiff seeks compensatory damages and declaratory and injunctive relief.  *Id.* at 2, 9-10.

### C.  Analysis

The law related to personal involvement in Section 1983 actions was discussed in the March 2026 Order and will not be restated herein.  *See* Dkt. No. 9 at 4-5.

Plaintiff's claims against defendants must be dismissed for failure to state a claim. While plaintiff was afforded the opportunity to amend his complaint, the pleading includes a recitation of boilerplate legal standards and caselaw related to First Amendment and RLUJIPA claims, but no factual allegations.  For instance, the amended complaint lacks dates, times, and information related to when plaintiff requested to be baptized, how or to whom he filed the request, how many times he requested to be baptized, and what response, if any, he received from defendants.  Because plaintiff failed to assert any factual allegations, the complaint fails to provide any defendant with fair notice of the basis of plaintiff's claims.

Plaintiff identifies the Superintendent of the Law Enforcement Center and John/Jane Doe Correction Officers as defendants in the caption and list of parties.  However, the

---

[3]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

pleading lacks factual allegations sufficient to plausibly suggest that these defendants were personally involved in any conduct that violated plaintiff's constitutional rights.  Thus, the amended complaint fails to state a cognizable claim against them.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

With the amended complaint, plaintiff addresses *Monell* and alleges that the wrongful acts occurred pursuant to a policy or custom of Ulster County.  *See generally* Am. Compl. However, in the absence of an underlying constitutional violation, there can be no claim for municipal liability.  *See*, *e.g.*, *Segal*, 459 F.3d at 219 (noting that once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct"); *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) ("[A] prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor.").

"[P]laintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations." *5465 Route 212, LLC v. New York State Dep't of Transportation*, No. 1:19-CV-01510 (BKS/DJS), 2020 WL 6888052, at *9 (N.D.N.Y. Nov. 24, 2020); *see also Lawson v. Ruskin*, No. 08-CV-321, 2008 WL 1902218, at *2 (E.D.N.Y. Apr. 25, 2008) (explaining that "lumping all Defendants [. . .] together without specifying what actions were taken, and by whom, to violate his rights" was insufficient to meet pleading

4

requirements) (citation omitted).  The amended complaint does not describe the specific conduct of each of the defendants.  It is not clear which of the individual defendants actually denied plaintiff's request and which defendant responded.  Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include sufficient allegations to provide "each defendant fair notice of what the plaintiff's claim is and ground upon which it rests."  *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  In this instance, the confusion related to personal involvement is compounded by plaintiff's failure to provide the dates and times of the alleged incidents, the number of defendants identified in the amended complaint, and the fact that plaintiff named 5 defendants as "Doe", without any identifying information.

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.,* 987

5

F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in the March 2026 Order, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## IV.   CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 11) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that the amended complaint (Dkt. No. 11) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  April 6, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

6